■ In the Matter of BUILDING A RAINBOW REALTY CORP., Respondent, v FLUSHING SAVINGS BANK et al., Appellants. [661 NYS2d 30] —In a hybrid proceeding, *inter alia,* to compel the assignment of mortgages pursuant to Real Property Law § 275 and an action for a judgment declaring the rights of the parties under two "restated mortgage notes", Flushing Savings Bank and FSB Properties, Inc., appeal from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated August 2, 1996, which declared, among other things, that the petitioner was not obligated to pay them loan fees in the sum of $300,000.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for (1) the entry of a judgment declaring that the petitioner was obligated to pay the respondents loan fees in the sum of $300,000, and (2) a hearing to determine the amount of attorney's fees due to the respondents.

On August 3, 1993, Flushing Savings Bank and FSB Properties, Inc. (hereinafter the bank), issued a loan to Building A Rainbow Realty Corp. (hereinafter Rainbow) to purchase property and construct 188 housing units thereon. The project was to be completed by August 1, 1995. Pursuant to the "restated mortgage notes" (hereinafter the notes), which were secured by two mortgages, Rainbow was obligated to pay, *inter alia,* two "loan fees", totalling $3,000 per unit, "commencing with the sale of the 89th Unit", for a total sum of $300,000. In July 1995 after obtaining a refinancing commitment from Gateway State Bank (hereinafter Gateway), Rainbow sought to pay off the notes, exclusive of the loan fees, and to obtain an assignment of the mortgages from the bank to Gateway. Rainbow argued that it was not obligated to pay the loan fees because it had only constructed 71 units. The bank, however, rejected Rainbow's interpretation, alleging that its failure to complete construction by August 1, 1995, did not relieve it of its obligation to pay the loan fees.

Thereafter, Rainbow brought the instant petition to compel the assignment of the mortgages and for a judgment declaring that it was not obligated to pay the loan fees in order to satisfy its obligations under the notes. The bank opposed and sought attorney's fees pursuant to provisions in the mortgage agreements. On July 25, 1995, the Supreme Court directed the bank to assign the mortgages to Gateway, but it reserved decision on the issue of the loan fees. By judgment dated August 2, 1996, the Supreme Court declared, *inter alia,* that Rainbow was not obligated to pay the loan fees. We reverse.

A contract should be read as a whole *(see, W.W.W. Assocs. v*

*Giancontieri,* 77 NY2d 157, 162) and interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed *(see, Matter of Wallace v 600 Partners Co.,* 86 NY2d 543, 548; *Breed v Insurance Co.,* 46 NY2d 351, 355). The subject notes and interrelated mortgages and building agreement obligated Rainbow to construct all 188 units and repay the notes in full by August 1, 1995. Inclusive of that obligation was the requirement that Rainbow pay additional loan fees of $3,000 per unit, commencing with the completion of the 89th unit. Clearly, the notes contemplated that as of the maturity date of August 1, 1995, all of the units would be completed, warranting the payment of the loan fees. Thus, in order for Rainbow to pay off the notes in full on their maturity date it not only had to pay the unpaid principal and the accrued interest, but the loan fees as well. To hold otherwise would permit Rainbow to excuse itself from a portion of its obligation under the notes simply because it failed to fully perform. Accordingly, the matter is remitted to the Supreme Court for the entry of a judgment declaring that Rainbow is obligated to pay the bank loan fees in the sum of $300,000.

Finally, the appellants, as the prevailing party, are entitled to an award of attorney's fees incurred in defending this proceeding since it is authorized in the parties' agreement *(see, Hooper Assocs. v AGS Computers,* 74 NY2d 487, 491). Accordingly, the Supreme Court shall hold a hearing to determine the amount of attorney's fees. Miller, J. P., Friedmann, Krausman and Florio, JJ., concur.