■ WILLIAM A. CANAVAN, Appellant, v CHASE MANHATTAN BANK, N. A., Respondent. [718 NYS2d 617] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered August 10, 1999, which, upon granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of the plaintiff's case, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"Whether or not a writing is ambiguous is a question of law to be resolved by the courts" (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162). A contract should be read as a whole (*see, W.W.W. Assocs. v Giancontieri, supra*, at 162) and interpreted so as to give effect to the intention in the unequivocal language employed (*see, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548; *Breed v Insurance Co.*, 46 NY2d 351, 355; *Matter of Building A Rainbow Realty Corp. v Flushing Sav. Bank*, 241 AD2d 520, 521).

Contrary to the plaintiff's contentions, the portion of the mortgage loan agreement which sets forth how payments are to be allocated is not ambiguous. Accordingly, the Supreme Court properly granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law, dismissing the complaint. Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.