■ NATIONWIDE MUTUAL INSURANCE COMPANY et al., Appellants, v CNA INSURANCE COMPANY, Respondent, et al., Defendant. [729 NYS2d 760] —In an action for a judgment declaring that the defendant CNA Insurance Company is obligated to provide to the plaintiff Michael Macchiarola excess liability insurance coverage in an underlying action entitled *Quinn v Macchiarola,* pending in the Supreme Court, Suffolk County, under Index No. 21253/96, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 26, 2000, as denied their cross motion for summary judgment and granted the separate

cross motion of the defendant CNA Insurance Company for summary judgment, and (2) a judgment of the same court, dated October 27, 2000, as, upon the order, declared that the defendant CNA Insurance Company has no obligation to defend or indemnify the plaintiff Michael Macchiarola in the underlying action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the plaintiffs' cross motion is granted, the separate cross motion of the defendant CNA Insurance Company is denied, and it is declared that the defendant CNA Insurance Company is obligated to provide excess liability insurance coverage for the plaintiff Michael Macchiarola in the underlying action; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

On March 17, 1996, the plaintiff Michael Macchiarola (hereinafter Michael), while operating his Ford Mustang, was involved in an automobile accident with Robert Quinn, who was operating a motorcycle. Thereafter, Quinn commenced an action against Michael, inter alia, to recover damages for his personal injuries. Michael maintained insurance for the Mustang with Nationwide Mutual Insurance Company (hereinafter Nationwide). However, the Nationwide policy had a liability limit of $25,000, and due to the damages alleged by Quinn, Michael's personal assets were at risk. Nationwide and Michael commenced this action for a judgment declaring that the policy maintained by Michael's father, the defendant Roy Macchiarola (hereinafter Roy), with the defendant CNA Insurance Company (hereinafter CNA), also covered him for the underlying accident and provided excess coverage for the underlying action. There is no dispute that CNA never disclaimed coverage after being notified of Michael's claim. CNA's position was that no disclaimer was required because there was no coverage in the first instance. Ultimately, the Supreme Court agreed and declared that CNA was not obligated to defend and indemnify Michael in the underlying action. We reverse.

The "Covered Person" section of the CNA policy contains the

following relevant provision: "7. 'Covered Person(s)' A. Under Personal Liability-Motor Vehicle means: (1) You and any 'family member' for the ownership, maintenance or use of any covered 'motor vehicle.'"

There is no dispute that Michael would qualify as a "family member" under the policy. The entire dispute in this case revolves around the meaning of the phrase "covered motor vehicle," which is not defined in the policy. CNA asserts that this phrase means that coverage is only afforded to vehicles listed in the "Coverage Summary" of the policy. The plaintiffs contend that this phrase is ambiguous.

Although the issue of ambiguity was not specifically raised in the Supreme Court, we can and do address it since it is a question of law discernable from the record on appeal (*see, Loria v Plesser*, 267 AD2d 213).

The law is clear that the question of whether a contract provision is ambiguous is a question of law to be determined by the courts (*see, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157; *Canavan v Chase Manhattan Bank*, 278 AD2d 352). "A contract should be read as a whole * * * and interpreted so as to give effect to the intention in the unequivocal language employed" (*Canavan v Chase Manhattan Bank, supra*; at 352 *see also, Matter of Wallace v 600 Partners Co.*, 86 NY2d 543). When an ambiguity is found, it must be construed against the insurer and in favor of coverage (*see, Westview Assocs. v Guaranty Natl. Ins. Co.*, 95 NY2d 334).

Reading the policy as a whole, the meaning of "covered motor vehicle" is ambiguous. The policy's definition of "motor vehicle" is broad and is not limited to vehicles listed in the "Coverage Summary." It is possible that the "Covered Person" section of the policy was providing a broad definition of the types of vehicles which would be covered if owned, maintained, or used by Roy and his "family members." Most telling, however, is that in other parts of the policy, CNA has made specific reference to the "Coverage Summary." Subsection (3) in the "Covered Persons" portion of the CNA policy states "[w]ith respect to a covered motor vehicle that you own or that is shown on the *Coverage Summary*" (emphasis added). Further, the exclusions portion of the policy specifically states:

"**LOSSES WE DO NOT COVER**

"We do not provide **Personal Liability-Motor Vehicle Coverage** for:

"9. The ownership, maintenance or use of any **motor vehicle** other than:

"a. A **motor vehicle** shown in the Coverage Summary or any trailer that you own."

If the intent of "covered motor vehicle" was that only those vehicles listed in the "Coverage Summary" would be covered, then CNA could have, as it did in other parts of the policy, made specific reference to the "Coverage Summary." Indeed, the exclusions to the policy clearly state that coverage will be provided only to vehicles listed in the "Coverage Summary." CNA's narrow interpretation of the term "covered motor vehicle" would render the exclusion superfluous. There would be no point in excluding something that was never covered in the first place. In order to give effect to the exclusionary provisions, the more general "covered persons" provisions must be interpreted to include more than just those vehicles listed on the "Coverage Summary."

Accordingly, in light of the ambiguity in the "Covered Persons" portion of the policy, the provision must be construed against CNA and in favor of coverage. While the exclusions section of the policy clearly limits coverage to only those vehicles listed in the "Coverage Summary," CNA has not timely disclaimed and is now estopped from doing so (*see, Matter of Worcester Ins. Co. v Bettenhauser*, 95 NY2d 185; *Zappone v Home Ins. Co.*, 55 NY2d 131; *Jerge v Buettner*, 90 NY2d 950; *Handelsman v Sea Ins. Co.*, 85 NY2d 96).

In light of our determination, we need not address the plaintiffs' remaining contentions. Santucci, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.