■ LANCER INSURANCE COMPANY, Respondent, v MARINE MOTOR SALES, INC., et al., Respondents, and TRAVELERS INSURANCE GROUP, Appellant, et al., Defendants. [924 NYS2d 160]—

In an action for declaratory relief, the defendant Travelers Insurance Group appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered March 2, 2010, as granted those branches of the plaintiff's cross motion which were for summary judgment declaring that the plaintiff is not obligated under a certain policy of insurance to provide coverage to, or to defend and indemnify, the defendants Marine Motor Sales, Inc., and John Parks for claims arising out of an incident allegedly occurring on October 17, 2007, and denied that branch of its motion which was for summary judgment declaring that the plaintiff is obligated under the subject policy of insurance to defend and indemnify those defendants for such claims, and (2) from so much of a judgment of the same court dated April 20, 2010, as, upon the order entered March 2, 2010, declared that the plaintiff is not obligated under the subject policy of insurance to provide coverage to, or to defend and indemnify, the defendants Marine Motor Sales, Inc., and John Parks for claims arising out of the incident allegedly occurring on October 17, 2007.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, that branch of the motion of the defendant Travelers Insurance Group which was for summary judgment declaring that the plaintiff is obligated under a certain policy of insurance to defend and indemnify the defendants Marine Motor Sales, Inc., and John Parks for claims arising out of an incident allegedly occurring on October 17, 2007, is granted, those branches of the plaintiff's cross motion which were for summary judgment declaring that it is not obligated under the subject policy of insurance to provide coverage to, or to defend and indemnify, those defendants for such claims are denied, it is declared that the plaintiff is obligated under the subject policy of insurance to defend and indemnify the defendants Marine Motor Sales, Inc., and John Parks for claims arising out of the incident allegedly occurring on October 17, 2007, and the order entered March 2, 2010, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed, as the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are

brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Shortly after midnight on October 17, 2007, a pick-up truck owned by the defendant Marine Motor Sales, Inc. (hereinafter Marine), and operated by the defendant John Parks, an employee of Marine, in which the defendant Donald Tierney was a passenger, collided with a motor vehicle operated by the defendant Luis Sanchez. As a result of the accident, both Tierney and Sanchez allegedly sustained serious physical injuries.

In December 2007, Tierney commenced an action in the Supreme Court, Kings County, against Marine and Sanchez to recover damages for personal injuries resulting from the accident. Similarly, Sanchez commenced an action in the Supreme Court, Richmond County, against Marine and Parks to recover damages for personal injuries resulting from the accident.

At the time of the accident, Marine had a "Garage Dealer's" policy of insurance (hereinafter the Policy) with the plaintiff, Lancer Insurance Company (hereinafter the plaintiff). Tierney had an automobile insurance policy with Travelers Indemnity Company, incorrectly sued herein as Travelers Insurance Group (hereinafter the appellant), which, inter alia, provided for supplemental uninsured/underinsured motorists benefits in the event Tierney was injured in connection with a collision involving an uninsured or underinsured motor vehicle. In December 2007, the plaintiff informed Marine in writing that it was disclaiming coverage under the Policy for claims arising out of the subject accident, since, according to the plaintiff, the accident did not result from Marine's garage operations but, rather, arose out of Parks's personal use of the subject vehicle.

In January 2008, the plaintiff commenced this action against, amongst others, Marine, Parks, Tierney, Sanchez, and the appellant seeking declaratory relief relative to its obligations under the Policy for claims arising out of the subject accident. After joinder of issue and discovery, the appellant moved, inter alia, for summary judgment declaring that the plaintiff is obligated under the Policy to defend and indemnify Marine and Parks for claims arising out of the subject accident. The plaintiff cross-moved, among other things, for summary judgment declaring that it is not obligated under the Policy to provide coverage to, or to defend and indemnify, Marine and Parks for claims arising out of the subject accident.

The Supreme Court, inter alia, granted those branches of the plaintiff's cross motion which were for summary judgment declaring that it is not obligated under the Policy to provide coverage to, or to defend and indemnify, Marine and Parks for

claims arising out of the subject accident, and denied that branch of the appellant's motion which was for summary judgment declaring that the plaintiff is obligated under the Policy to defend and indemnify Marine and Parks for such claims. Subsequently, the Supreme Court issued a judgment declaring, inter alia, that the plaintiff is not obligated under the subject policy of insurance to provide coverage to, or to defend and indemnify, Marine and Parks for claims arising out the subject accident. The instant appeal ensued.

"The tests to be applied in construing an insurance policy are common speech . . . and the reasonable expectation and purpose of the ordinary businessman" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983] [citation omitted]). Any "ambiguities in an insurance policy are . . . to be construed against the insurer" (*id.* at 398; *see Nationwide Mut. Ins. Co. v CNA Ins. Co.*, 286 AD2d 485, 487 [2001]).

As relevant to this appeal, the Policy provides, with respect to liability coverage, that the plaintiff "will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from 'garage operations' involving the ownership, maintenance or use of covered 'autos' " and has the "duty to defend any 'insured' against a 'suit' asking for such damages." The Policy defines "garage operations" to include "the ownership, maintenance or use of the 'autos' indicated in Section I of this Coverage Form as covered 'autos.' " Under section I of the coverage form, in connection with the "Garage Declarations" page for the Policy, "[a]ny '[a]uto' " is a covered auto with respect to liability coverage.

In that regard, it is undisputed that the subject pick-up truck is an "auto" within the meaning of the Policy, and, as such, the pick-up truck also is a "covered 'auto' " with respect to liability coverage under the Policy. Thus, under the broad language of the Policy, ownership and/or use of the pick-up truck—a covered auto—constituted "garage operations." Accordingly, because the claims arising out of the subject accident resulted from Marine's ownership and/or Parks's use of the pick-up truck, the Policy provides liability coverage to Marine and Parks for such claims, even assuming, as the plaintiff contends, that at the time of the accident, Parks was using the pick-up truck for personal reasons rather than garage business (*see McClaney v Utility Equip. Leasing Corp.*, 560 F Supp 1265, 1268-1269 [1983]; *Spangle v Farmers Ins. Exch.*, 166 Cal App 4th 560, 568-569 [2008]; *Farmers Alliance Mut. Ins. Co. v Ho*, 68 P3d 546, 549-550 [Colo 2002], *cert denied* 2003 WL 1905670, 2003 Colo

LEXIS 360 [S Ct 2003]; *Arnold v Beacon Ins. Co. of Am.*, 687 So 2d 843, 844 [Fla 1996]; *Burr v Nationwide Mut. Ins. Co.*, 178 W Va 398, 401-402, 359 SE2d 626, 629-631 [1987]; *Guillory v Morein*, 468 So 2d 1254, 1256-1257 [La 1985]; *cf. Dumblewski v ITT Hartford Ins. Group*, 213 AD2d 823, 824 [1995]; *Calkins v Merchants Mut. Ins. Co.*, 59 AD2d 1052, 1053 [1977]). We note that the case of *Lancer Ins. Co. v Whitfield* (61 AD3d 724 [2009]), cited by the plaintiff, is distinguishable.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Balkin, Eng and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30476(U).]**