■ Brown Bark II, L.P., Respondent, v Weiss & Mahoney, Inc., Defendant, and Ira T. Weiss, Appellant. [935 NYS2d 637]—

The appeal from so much of the order entered August 17, 2010, as denied that branch of the appellant's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument. The appeal from so much of the order entered August 17, 2010, as denied that branch of the appellant's motion which was for leave to renew must be dismissed, because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contention, the appeal from the final judgment brings up for review the prior order dated June 9, 2010, which, inter alia, granted its motion for summary judgment on the complaint insofar as asserted against the defendant Ira T. Weiss (hereinafter the appellant) (*see e.g. Lancer Ins. Co. v Marine Motor Sales, Inc.*, 84 AD3d 1318 [2011]; *Futersak v Perl*, 84 AD3d 1309 [2011]; *Sullivan v Nimmagadda*, 63 AD3d 908 [2009]).

On the merits, the plaintiff failed to establish its entitlement to judgment as a matter of law against the appellant, as alleged personal guarantor of the loans. An agreement to "answer for the debt, default or miscarriage of another person" must be in writing and subscribed by the party to be charged (General Obligations Law § 5-701 [a] [2]). The sole copy of a promissory note submitted by the plaintiff and executed by the appellant contained no personal guarantee, and contained an integration clause stating that "[t]he Loan Documents supersede all prior

agreements between the parties with respect to the Loan." The plaintiff did not establish, as a matter of law, that those loan documents included a personal guarantee. With respect to the first and third loans, the promissory notes were lost, and the affidavits of lost instruments did not include a copy of a form promissory note, assuming such a form was used. It was the plaintiff's burden to establish the terms of the lost instruments (*see Marrazzo v Piccolo*, 163 AD2d 369 [1990]). Accordingly, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellant.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.