In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v WARREN F. O'BRIEN, JR., Respondent. [992 NYS2d 126]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for underinsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Nassau County (Jaeger, J.), entered September 13, 2013, which denied the petition and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

On December 23, 2011, Warren F. O'Brien, Jr., was employed as a mechanic at Massapequa Auto Repair, Inc. On that date, Robert Auletta, his customer, asked O'Brien to return Auletta's loaner Mercedes-Benz vehicle to Mercedes-Benz of Massapequa on his behalf. O'Brien, who was named an additional driver on the loaner vehicle agreement, acceded to Auletta's request. O'Brien sustained injuries when the Mercedes-Benz he was operating was struck in the rear by another vehicle. The vehicle that struck O'Brien's vehicle had a basic $25,000/$50,000 policy through GEICO. O'Brien then commenced a personal injury action, and GEICO tendered the full amount of the policy to settle the claim. The petitioner consented to a $25,000 settlement.

O'Brien then sought to receive compensation through Auletta's supplementary uninsured/underinsured motorist (hereinafter SUM) coverage with State Farm Mutual Automobile Insurance Company (hereinafter State Farm), by filing a request for SUM arbitration with the American Arbitration Association. State Farm commenced this article 75 proceeding to permanently stay arbitration, asserting that O'Brien was not entitled to SUM coverage. During the pendency of this proceeding, the parties stipulated that the vehicle used by O'Brien was a "temporary substitute car" under Auletta's policy. The Supreme Court denied State Farm's petition, determining that the plain language of the insurance policy provided SUM coverage for a "temporary substitute car."

"Generally, it is for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage" (*Consolidated Edison Co. of N.Y. v Allstate Ins.*

*Co.*, 98 NY2d 208, 218 [2002]). Whether the burden of proof rests on the insured to establish coverage, or on the insurer to establish an exclusion, rests on the language of the policy (*see id.*). "Where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement. The policy must, of course, be construed in favor of the insured, and ambiguities, if any, are to be resolved in the insured's favor and against the insurer" (*United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986] [internal quotation marks and citations omitted]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]).

Here, State Farm bears the burden of establishing that O'Brien's use of a "substitute temporary car" was excluded from SUM benefits. The opening language of the SUM endorsement states: "This endorsement is a part of the policy. Except for the changes it makes, all other provisions of the policy remain the same and apply to this endorsement." Moreover, the opening language of the policy states: "We define certain words and phrases below for use throughout the policy. Each coverage includes additional definitions only for use with that coverage." The general definition section includes a definition of "temporary substitute car," which is to be applied throughout the policy: "Temporary Substitute Car means a car that is in the lawful possession of the person operating it and that: 1. replaces your car for a short time while your car is out of use due to its: a. breakdown; b. servicing; c. repair; d. loss; or e. destruction; and 2. neither you nor the person operating it own or have registered."

This Court has held that the purpose of a provision relating to a "temporary substitute" vehicle "is to afford continuous coverage to the insured during the period that a vehicle scheduled under the policy is out of commission, and at the same time limit the risk to the insurer to one operating vehicle at a time for a single, fair premium. Coverage for a substitute vehicle ceases when the insured vehicle is repaired and returned to its owner" (*Lancer Ins. Co. v Republic Franklin Ins. Co.*, 304 AD2d 794, 797 [2003] [internal quotation marks and citation omitted]). Here, the SUM endorsement fails to articulate any exclusion for a "temporary substitute car." Therefore, the Supreme Court properly denied State Farm's petition to permanently stay arbitration and directed the parties to proceed to arbitration. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.