■ SHANTS, INC., Respondent-Appellant, v CAPITAL ONE, N.A., Respondent, MRW GROUP, INC., Appellant-Respondent, and TOWER INSURANCE COMPANY OF NEW YORK, Respondent-Appellant. [3 NYS3d 38]—

In an action, inter alia, to recover insurance benefits for damage to property, the defendant MRW Group, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered February 4, 2013, as denied those branches of its motion which were for summary judgment declaring that a notice of cancellation by the defendant Tower Insurance Company of New York is ineffective as to the plaintiff and dismissing the remainder of the complaint insofar as asserted against it, and granted that branch of the cross motion of the defendant Tower Insurance Company of New York which was for summary judgment declaring that its notice of cancellation was effective as to the plaintiff; the defendant Tower Insurance Company of New York cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion, in effect, for summary judgment dismissing the cross claims of the defendant MRW Group, Inc., insofar as asserted against it and granted the motion of the defendant

Capital One N.A. for leave to amend its answer to assert a cross claim against it; the plaintiff separately cross-appeals from so much of the same order as granted that branch of the cross motion of the defendant Tower Insurance Company of New York which was for summary judgment declaring that its notice of cancellation was effective as to the plaintiff and dismissing the remainder of the complaint insofar as asserted against that defendant.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable by the defendant Tower Insurance Company of New York to the plaintiff and the defendant MRW Group, Inc., those branches of the motion of the defendant MRW Group, Inc., which were for summary judgment declaring that a notice of cancellation by the defendant Tower Insurance Company of New York is ineffective as to the plaintiff and dismissing the complaint insofar as asserted against it are granted, those branches of the cross motion of the defendant Tower Insurance Company of New York which were for summary judgment declaring that its notice of cancellation was effective as to the plaintiff and dismissing the complaint insofar as asserted against it are denied, that branch of the cross motion of the defendant Tower Insurance Company of New York which was for summary judgment dismissing the cross claims of the defendant MRW Group, Inc., against it is granted on the ground that the cross claims have been rendered academic, the motion of Capital One N.A. for leave to amend its answer to assert a cross claim against Tower Insurance Company of New York is denied as academic, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the notice of cancellation by the defendant Tower Insurance Company of New York is ineffective, dismissing the complaint insofar as asserted against the defendant MRW Group, Inc., and dismissing, as academic, the cross claims of the defendant MRW Group, Inc., against the defendant Tower Insurance Company of New York.

The plaintiff, a commercial entity, purchased a building for its business. MRW Group, Inc. (hereinafter MRW), the plaintiff's broker, obtained an insurance policy (hereinafter the policy) on the premises on behalf of the plaintiff pursuant to the terms of the plaintiff's mortgage. The policy was placed with Tower Insurance Company of New York (hereinafter Tower). The premiums for the subject policy were paid by the mortgagee from an escrow fund into which the plaintiff deposited funds for that purpose.

When the plaintiff initially obtained the subject mortgage loan, the mortgagee was GreenPoint Mortgage Funding, Inc. (hereinafter GreenPoint). However, GreenPoint's parent company was later acquired by Capital One, N.A. (hereinafter Capital One), which thereafter acquired the right to service the loan. This change was not promptly communicated to Tower and, consequently, Tower sent the premium invoice for the renewal policy period running from August 17, 2010, to August 17, 2011 (hereinafter the 2010-2011 policy period), to Green-Point, which was then the mortgagee reflected in its records, rather than to Capital One. On August 24, 2010, Tower issued a notice of cancellation, which it sent to the plaintiff and MRW advising that, if payment was not received, the policy would be cancelled on September 13, 2010. Pursuant to the terms of the policy, Tower also sent the notice to GreenPoint, the mortgagee reflected in its records.

Upon receipt of the notice of cancellation, the plaintiff contacted MRW, which, on August 31, 2010, requested that Tower amend the policy to state that Capital One was the mortgagee. MRW also forwarded a copy of the invoice to Capital One. On September 9, 2010, prior to the effective cancellation date, Tower issued a policy endorsement amending the policy to list Capital One as mortgagee, and made the amendment retroactive to August 17, 2010. On September 14, 2010, Tower issued a cancellation confirmation notice, which it sent to the plaintiff.

On September 22, 2010, Capital One issued a check for the premium, which was deposited by Tower on September 27, 2010. However, Tower did not issue a notice of reinstatement of the policy, but instead elected to return the unearned premium to Capital One. Capital One, however, denied receiving the check and the check was not cashed.

On March 11, 2011, the plaintiff's premises were destroyed by fire (hereinafter the subject loss). The plaintiff thereafter learned that its policy had not been reinstated and that it was uninsured for the subject loss. The plaintiff commenced this action seeking to recover insurance benefits from Tower, and damages from Capital One and MRW. MRW cross-claimed against Tower, seeking contribution and indemnification.

MRW moved for summary judgment declaring that Tower's notice of cancellation was ineffective because it had failed to notify the actual mortgagee, and that the policy was therefore in full force and effect on the date of the subject loss. MRW also sought summary judgment dismissing the complaint insofar as asserted against it on the same grounds. Capital One then

moved for leave to amend its answer to assert cross claims against MRW and Tower. Tower cross-moved for summary judgment, in effect, declaring that its notice of cancellation was effective and dismissing the complaint and MRW's cross claims insofar as asserted against it.

The Supreme Court concluded that Tower's notice of cancellation was effective as to the plaintiff only and denied that branch of MRW's motion which was for summary judgment declaring that the notice was ineffective as to the plaintiff and granted the corresponding branches of Tower's cross motion which were for summary judgment declaring that the notice of cancellation was effective as to the plaintiff and dismissing the complaint insofar as asserted against Tower. However, the court concluded that there remained a triable issue of fact as to whether the cancellation with respect to Capital One's interest was effective. Since the court concluded that there was a triable issue of fact as to whether the cancellation was effective with respect to Capital One's interest and, thus, whether the insured was covered at the time of the loss, it denied that branch of MRW's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The Supreme Court further concluded that there was a triable issue of fact as to whether Tower promptly returned the unearned premium to Capital One and, thus, whether Tower was estopped from denying that the policy had been reinstated by virtue of its acceptance of Capital One's payment. Therefore, the court denied that branch of Tower's motion which was for summary judgment dismissing MRW's cross claims against it. For the same reasons, the court granted Capital One's motion for leave to amend its complaint to assert cross claims against MRW and Tower.

Insurance Law § 3404 (e) sets forth standard language for fire insurance policies which must be included in all policies (see Insurance Law § 3404 [a], [b], [e]). However, with respect to policy cancellation, an insurer may provide more favorable terms than those dictated by the standard form of insurance (see Insurance Law § 3426 [m]). Here, in terms more favorable to the mortgagee than those mandated by the Insurance Law, the policy issued by Tower provided that "[i]f we cancel this policy, we will give written notice to the mortgageholder at least: . . . 10 days before the effective date of cancellation if we cancel for your nonpayment of premium." The policy does not define the term "mortgageholder," nor does it state how, in the case of a change in the identity of the mortgageholder, the insurer will determine which mortgageholder is entitled to notice pursuant to the quoted provision.

In construing policy provisions defining the scope of coverage, courts "first look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]), reading it "in light of 'common speech' and the reasonable expectations of a businessperson" (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003], quoting *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 716 [2007]). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670, 671 [2010] [internal quotation marks omitted]), but "where there is ambiguity as to the existence of coverage, doubt must be resolved in favor of the insured and against the insurer" (*Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]; *see White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *Matter of State Farm Mut. Auto. Ins. Co. v O'Brien*, 120 AD3d 1252, 1253 [2014]). The question of whether policy language is ambiguous is a question of law for the court (*see White v Continental Cas. Co.*, 9 NY3d at 267-268; *140 Broadway Prop. v Schindler El. Co.*, 73 AD3d 717, 719 [2010]).

Here, where Tower amended the policy to list a different mortgagee in the period between the issuance of the notice of cancellation and the effective cancellation date, the clause of the policy entitling the mortgagee to 10 days' notice of a cancellation for nonpayment is ambiguous as to Tower's duty to notify the new mortgagee of record. Accordingly, and consistent with our duty to resolve any ambiguity in favor of the insured and against the insurer (*see Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d at 629), we conclude that, upon receiving notice that Capital One had become the mortgagee and processing the request to amend the policy to that effect, Tower had a duty to send a new notice of cancellation to Capital One, with a new 10-day notice period.

Furthermore, contrary to the Supreme Court's determination, we conclude that Tower's failure to issue a timely notice of cancellation to Capital One, the mortgagee, rendered its notice of cancellation to the plaintiff ineffective. Here, the subject policy was billed to the mortgagee rather than the plaintiff, the named insured. It is significant that Tower not only amended the policy to list Capital One as the mortgagee during the period between the issuance of the notice of cancellation and the cancellation effective date, but also made that amendment retroactive to the inception of the policy period and notified the plaintiff of the amendment. Under these circumstances, Tower's

notice of cancellation to the plaintiff was not effective, as Tower failed to effectively cancel the policy and the policy therefore remained in effect on the date of the subject loss. Consequently, the Supreme Court should have granted that branch of MRW's motion which was for summary judgment declaring that Tower's notice of cancellation was ineffective as to the plaintiff, and should have denied that branch of Tower's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing, the Supreme Court also should have granted that branch of MRW's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Since the complaint should have been dismissed insofar as asserted against MRW, Tower was entitled to summary judgment dismissing, as academic, MRW's cross claims for contribution and indemnification. Further, Capital One's motion for leave to amend its answer to assert cross claims for contribution and indemnification against Tower must be denied, as those causes of action are patently without merit in light of our determination that Tower's notice of cancellation was ineffective, and the plaintiff was covered by the policy at the time of the subject loss.

The parties' remaining contentions either are without merit or need not be reached in light our determination.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the notice of cancellation by Tower is ineffective, dismissing the complaint insofar as asserted against MRW, and dismissing MRW's cross claims against Tower (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.