■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v WILLIAM T. JONES, Appellant. [10 NYS3d 290]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for underinsured motorist benefits, William T. Jones appeals from an order of the Supreme Court, Orange County (Colangelo, J.), dated March 31, 2014, which granted that branch of the petition which was to permanently stay arbitration on the ground that he was not an insured under the supplemental underinsured motorist provisions of the policy.

Ordered that the order is reversed, on the law, with costs, that branch of the petition which was to permanently stay arbitration on the ground that William T. Jones was not an insured under the supplemental underinsured motorist provisions of the policy is denied, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.

William T. Jones sustained injuries in a snowmobile accident in Lewis County. The snowmobile that he was operating collided with a snowmobile owned by nonparty Steven Roy and insured by Nationwide Insurance. The snowmobile that Jones was operating was owned by nonparty Robert Perino and insured by the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Jones settled for the $50,000 policy limit of the Nationwide Insurance policy and, after due notice, sought to recover an additional $50,000 under the supplemental underinsured motorist (hereinafter SUM) provisions of Robert Perino's policy with State Farm (hereinafter the policy). State Farm denied coverage on the ground that Jones was not an insured under the SUM provisions of the policy.

Jones sought to arbitrate his SUM claim, but State Farm commenced this proceeding, inter alia, to permanently stay the arbitration pursuant to CPLR 7503 on the ground that Jones was not covered by the SUM provisions of the policy. The Supreme Court granted that branch of the petition and permanently stayed the arbitration. Jones appeals, and we reverse.

In construing policy provisions defining the scope of coverage, courts "first look to the language of the policy" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221 [2002]). "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670, 671 [2010] [internal quotation marks omitted]), but "where there is

ambiguity as to the existence of coverage, doubt must be resolved in favor of the insured and against the insurer" (*Lavanant v General Acc. Ins. Co. of Am.*, 79 NY2d 623, 629 [1992]; *see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 340 [2000]; *Shants, Inc. v Capital One, N.A.*, 124 AD3d 755, 759 [2015]).

As pertinent to this appeal, State Farm's sole contention, which was accepted by the Supreme Court, is that a snowmobile is not a "motor vehicle" as that term appears in the SUM endorsement. State Farm relies on the definition of "motor vehicle" contained in the Vehicle and Traffic Law, which specifically excludes snowmobiles (*see* Vehicle and Traffic Law §§ 125, 2229). Thus, State Farm argues, Jones is not insured for SUM coverage because he was not occupying a motor vehicle at the time of the accident.

The policy covered only one vehicle, a snowmobile. The policy included a "State Farm Car Policy Booklet," a standard New York SUM endorsement, and a New York snowmobile endorsement. The snowmobile endorsement amended the definitions of "car" and "private passenger car" in the policy to mean "snowmobile." The standard SUM endorsement, like the other endorsements, begins by stating, "This endorsement is a part of the policy. Except for the changes it makes, all other provisions of the policy remain the same and apply to this endorsement." The SUM endorsement defines an insured, in pertinent part, as "any other person while occupying . . . a motor vehicle insured for SUM under this policy." Neither the SUM endorsement nor any other portion of the policy provides a definition for the term "motor vehicle."

We find that the policy, when read as a whole, is ambiguous as to whether the term "motor vehicle" in the SUM endorsement refers to the snowmobile, the only vehicle covered by the policy. Contrary to State Farm's contention and the Supreme Court's determination, this ambiguity must be resolved "against the insurer and in favor of coverage" (*Nationwide Mut. Ins. Co. v CNA Ins. Co.*, 286 AD2d 485, 487 [2001]; *see Shants, Inc. v Capital One, N.A.*, 124 AD3d at 759), without reference to the definition of "motor vehicle" set forth in the Vehicle and Traffic Law. Accordingly, the Supreme Court should have denied that branch of the petition which was to permanently stay arbitration on the ground that Jones was not covered by the SUM provisions of the policy at the time of the accident.

To the extent that the parties raise arguments regarding the remaining branch of the petition, which sought a temporary

stay of the arbitration pending discovery, that branch of the petition was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Jones's remaining contention, that the petition was facially insufficient, is without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.