■ John W. Kluge, Respondent, v William D. Fugazy et al., Appellants, et al., Defendants.—In an action, inter alia, to foreclose a mortgage, the defendants William D. Fugazy, Fugazy Continental Corp., Travelco, Inc., Fugazy International Corp. and Fugazy Travel and Incentive Corp. appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered January 13, 1988, which denied their motion to dismiss the amended complaint for failure to state a cause of action and to vacate the plaintiff's notice of pendency.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

As the result of a series of financial transactions, the

plaintiff received an assignment of a mortgage as collateral security for a promise of indemnification. The underlying note was not assigned and was expressly excluded from transfer.

The plaintiff's first and second causes of action for foreclosure and a deficiency judgment, respectively, must fail since foreclosure of a mortgage may not be brought by one who has no title to it and absent transfer of the debt, the assignment of the mortgage is a nullity (*Merritt v Bartholick*, 36 NY 44, 45; *Flyer v Sullivan*, 284 App Div 697, 698; *Beak v Walts*, 266 App Div 900; *Manne v Carlson*, 49 App Div 276, 278). Moreover, we find that the written agreement and assignment between the parties were clear and unambiguous. They indicate that no delivery of the underlying obligation was intended, and they were entered into by sophisticated, counseled businessmen (*see, Chimart Assocs. v Paul*, 66 NY2d 570, 573; *Nau v Vulcan Rail & Constr. Co.*, 286 NY 188, 198-199, *rearg denied* 287 NY 630). As a result, the plaintiff's third cause of action, for specific performance, must fail. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.