■ JP MORGAN CHASE BANK, N.A., Respondent, v MARK ELLIOT KORN & ASSOCIATES, LLC, et al., Appellants. [886 NYS2d 612]—In an action, inter alia, to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered April 21, 2008, which, in effect, denied, as academic, their motion, among other things, to strike the complaint pursuant to CPLR 3126 for failure to provide certain disclosure, and conditionally granted that branch of the plaintiff's unopposed cross motion which was to strike the defendant's answer and counterclaim pursuant to CPLR 3126 unless they provided certain disclosure and a bill of

particulars within 30 days of service of the order, and (2) an order of the same court dated August 25, 2008, which denied their motion, in effect, for leave to reargue the prior determination and, upon their failure to comply with the order entered April 21, 2008, struck their answer and counterclaims.

Ordered that the appeal from so much of the order entered April 21, 2008, as conditionally granted that branch of the plaintiff's unopposed cross motion which was to strike the defendants' answer and counterclaims pursuant to CPLR 3126 unless they provided certain disclosure and a bill of particulars within 30 days of service of the order is dismissed, as the defendants are not aggrieved thereby (*see* CPLR 5511; *Giraldo v Morrisey,* 63 AD3d 784, 785 [2009]); and it is further,

Ordered that the order entered April 21, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that the appeal from so much of the order dated August 25, 2008, as denied the defendants' motion, in effect, for leave to reargue the prior determination is dismissed, as no appeal lies from an order denying leave to reargue (*see Crawn v Sayah,* 31 AD3d 367 [2006]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.,* 29 AD3d 894, 894-895; *Rivera v Toruno,* 19 AD3d 473, 474 [2005]; *Koehler v Town of Smithtown,* 305 AD2d 550, 551 [2003]); and it is further,

Ordered that the order dated August 25, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in striking the defendants' answer and counterclaim based upon their failure to comply with the order entered April 21, 2008 (*see Hamilton v Ocean Mgt. & Realty Corp.,* 288 AD2d 262, 263 [2001]).

The defendants' remaining contentions are without merit. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.