COUNTRYWIDE HOME LOANS, INC., Appellant, v ANTHONY GRESS, Respondent, et al., Defendants. [888 NYS2d 914]—

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendant Anthony Gress which was to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (3) on the ground that the plaintiff lacked standing to bring this action. In order to commence a foreclosure action, the plaintiff must have a legal or equitable interest in the subject mortgage (*see Wells Fargo Bank, N.A. v Marchione,* 69 AD3d 204 [2009]; *Katz v East-Ville Realty Co.,* 249 AD2d 243 [1998]; *Kluge v Fugazy,* 145 AD2d 537, 538 [1988]). "Where the plaintiff is the assignee of the mortgage and the underlying note at the time the foreclosure action was commenced, the plaintiff has standing to maintain the action" (*Federal Natl. Mtge. Assn. v Youkelsone,* 303 AD2d 546, 546-547 [2003]; *see Wells Fargo Bank, N.A. v Marchione,* 69 AD3d 204

[2009]; *First Trust Natl. Assn. v Meisels*, 234 AD2d 414 [1996]). Here, it is undisputed that the subject mortgage was not assigned to the plaintiff until July 5, 2007, more than five months after the commencement of this action on January 22, 2007. Furthermore, although the July 5, 2007 assignment recited that it was effective retroactive to August 1, 2006, "a retroactive assignment cannot be used to confer standing upon the assignee in a foreclosure action commenced prior to the execution of the assignment" (*Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 210 [2009]; *see LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.