■ Deutsche Bank National Trust Company, as Trustee for First Franklin Mortgage Loan Trust 2005-FF11, Mortgage

PASS THROUGH CERTIFICATES SERIES 2005-FF11, Respondent, v JOELL C. BARNETT, Appellant, et al., Defendants. [931 NYS2d 630]—

In order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the mortgage. A plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced (*see Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207 [2009]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752 [2009]; *Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709 [2009]). An assignment of a mortgage without assignment of the underlying note or bond is a nullity, and no interest is acquired by it (*see Merritt v Bartholick*, 36 NY 44, 45 [1867]; *Bank of N.Y. v Silverberg*, 86 AD3d 274 [2011]; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108). Here, the plaintiff failed to establish, as a matter of law, that it had standing to commence the action. The Supreme Court thus erred in awarding the plaintiff summary judgment.

Contrary to the contention of the defendant Joell C. Barnett, an affidavit made by the plaintiff was not required, since the plaintiff was not proceeding upon Barnett's default (*cf.* CPLR 3215 [f]). However, the documentation submitted failed to es-

tablish that, prior to commencement of the action, the plaintiff was the holder or assignee of both the note and mortgage. The plaintiff submitted copies of two different versions of an undated allonge which was purportedly affixed to the original note pursuant to UCC 3-202 (2) (*see Slutsky v Blooming Grove Inn*, 147 AD2d 208, 212 [1989]). Moreover, these allonges purporting to endorse the note from First Franklin, a Division of National City Bank of Indiana (hereinafter Franklin of Indiana) to the plaintiff conflict with the copy of the note submitted, which contains undated endorsements from Franklin of Indiana to First Franklin Financial Corporation (hereinafter Franklin Financial), then from Franklin Financial in blank.

The plaintiff also failed to establish that the note was physically delivered to it prior to the commencement of this action. The vice-president of the plaintiff's servicing agent and the plaintiff's counsel both affirmed that the original note is in the possession of the plaintiff's counsel. However, the affidavits did not state any factual details concerning when the plaintiff received physical possession of the note and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). Finally, the certificates of resolution and incumbency submitted to establish the authority of one Eileen Gonzales to execute a September 14, 2007, assignment of mortgage from Franklin Financial to the plaintiff were executed after the subject assignment and, thus, cannot establish that she had such authority at the time the mortgage assignment was made. These inconsistencies raise an issue of fact as to the plaintiff's standing to commence this action. Thus, the Supreme Court should have denied those branches of the plaintiff's motion which were to strike the answer, for summary judgment on the complaint, and for an order of reference; the cross motion was properly denied (*see US Bank N.A. v Madero*, 80 AD3d 751, 753 [2011]). Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.