■ HSBC BANK USA, Appellant, v ANA HERNANDEZ et al., Respondents [939 NYS2d 120]—

In order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the mortgage. A plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced (*see Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207 [2009]; *US Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). An assignment of a mortgage without assignment of the underlying note or bond is a nullity, and no interest is acquired by it (*see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 637 [2011]; *Bank of N.Y. v Silverberg*, 86 AD3d at

280). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108).

Here, the plaintiff failed to establish, prima facie, that it had standing to commence the action. The plaintiff's evidence did not demonstrate that the note was physically delivered to it prior to the commencement of the action. The affidavit from the plaintiff's servicing agent did not give any factual details of a physical delivery of the note and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action (*see Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d at 637; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 108; *US Bank, N.A. v Collymore*, 68 AD3d at 754). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint.

However, the Supreme Court should not have, in effect, searched the record and awarded summary judgment to the defendants dismissing the complaint without prejudice, as the parties' submissions failed to establish, as a matter of law, that the plaintiff lacked standing to commence the action. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.