■ U.S. Bank National Association, as Trustee for the First Franklin Mortgage Loan Trust, Mortgage Pass-Through Certificates, Series 2006-FF2, Respondent, v Joseph Dellarmo, Also Known as Joseph Dell'Armo, Appellant, et al., Defendants. [942 NYS2d 122]—

In an action to foreclose a mortgage, the defendant Joseph Dellarmo, also known as, Joseph Dell'Armo, appeals from an order of the Supreme Court, Rockland County (Weiner, J.), entered October 5, 2010, which denied his motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him for lack of standing.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Joseph Dellarmo, also known as Joseph Dell'Armo, to dismiss the complaint insofar as asserted against him is granted.

In commencing this action on April 25, 2006, to foreclose a mortgage entered into by the defendant Joseph Dellarmo, also known as Joseph Dell'Armo (hereinafter Dellarmo), the plaintiff asserted in its complaint that it had been assigned the subject mortgage by assignment dated April 11, 2006, which was duly recorded with the Clerk of Rockland County. Dellarmo failed to answer or appear, but thereafter moved, inter alia, to enjoin the plaintiff from foreclosing on the property on the ground that it lacked standing, and to vacate a default judgment entered against him. On October 30, 2009, while Dellarmo's motion was pending, a "Corrective Assignment of Mortgage" (hereinafter the corrective assignment) dated July 28, 2009, to the plaintiff was recorded with the Clerk of Rockland County, purporting to "correct and replace the April 11, 2006 assignment . . . which was sent for recording but was lost prior to being recorded" by the Clerk of Rockland County. The corrective assignment was notarized outside New York State but unaccompanied by a CPLR 2309 (c) certification. By order dated January 4, 2010, the Supreme Court determined, based on the April 11, 2006, assignment, which the complaint described as having been recorded, and without referencing the corrective assignment, that the plaintiff had standing to commence this action, and directed a hearing to determine the validity of the service of process. Following the hearing, the Supreme Court vacated the default judgment entered against Dellarmo.

Dellarmo moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him, contending, among other things, that the corrective assignment was a nullity, as it had been notarized out-of-state without the required CPLR 2309 (c) certification, and, even if the corrective assignment was valid, the plaintiff nevertheless lacked standing to bring this action, as it was not the holder in due course of both the mortgage and note when it commenced the action. The Supreme Court

denied the motion, finding that the failure to accompany the corrective assignment with a CPLR 2309 (c) certification was not a fatal defect and that Dellarmo raised merely speculative doubts about the validity of the corrective assignment. Dellarmo appeals, and we reverse.

The plaintiff's failure to comply with CPLR 2309 (c) in submitting various documents, including, among others, the corrective assignment, which were notarized outside the state but not accompanied with a certificate in conformity with CPLR 2309 (c), was not a fatal defect, as such certification may be provided nunc pro tunc (*see* CPLR 2001; *Betz v Daniel Conti, Inc.*, 69 AD3d 545 [2010]; *Matapos Tech. Ltd. v Compania Andina de Comercio Ltda*, 68 AD3d 672, 673 [2009]; *Smith v Allstate Ins. Co.*, 38 AD3d 522 [2007]).

"In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709 [2009]). Where a defendant raises the issue of standing, the plaintiff must prove its standing to be entitled to relief (*see CitiMortgage, Inc. v Rosenthal*, 88 AD3d 759 [2011]; *US Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). Moreover, while assignment of a promissory note also effectuates assignment of the mortgage (*see Bank of N.Y. Silverberg*, 86 AD3d at 280; *US Bank, N.A. v Collymore*, 68 AD3d at 753-754; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]), the converse is not true: since a mortgage is merely security for a debt, it cannot exist independently of the debt, and thus, a transfer or assignment of only the mortgage without the debt is a nullity and no interest is acquired by it (*see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636 [2011]; *Bank of N.Y. v Silverberg*, 86 AD3d at 280). The failure to record an assignment prior to the commencement of the action is not necessarily fatal since "an assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280; *see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636 [2011]; *US Bank, N.A. v Collymore*, 68 AD3d at 754; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912 [2009]).

Here, as the plaintiff concedes, the complaint incorrectly asserts that the April 11, 2006, assignment of the mortgage to the plaintiff had been duly recorded. Further, there is no allegation that the note or mortgage was physically delivered to the plaintiff prior to commencement of the action (*compare*

*Mortgage Elec. Registration Sys., Inc. v Coakley,* 41 AD3d 674 [2007]). The record also suggests that in the order dated January 4, 2010, in which the Supreme Court held that the plaintiff had standing pursuant to the April 11, 2006, assignment, the court relied upon the incorrect assertion in the complaint that the April 11, 2006, assignment had been recorded. The Supreme Court referred only to the April 11, 2006, assignment and made no reference to the corrective assignment's purported replacement of the April 11, 2006, assignment.

The plaintiff now relies on the corrective assignment, which was recorded with the Clerk of Rockland County on October 30, 2009, to demonstrate that it was a holder of the mortgage as of the April 25, 2006, commencement of this action. The corrective assignment recites, in pertinent part, that it "is meant to correct and replace the April 11, 2006 assignment by and between the parties herein which was sent for recording but was lost prior to being recorded" in Rockland County. However, inasmuch as the complaint does not allege that the note was physically delivered to the plaintiff, and nothing in the plaintiff's submission in opposition to Dellarmo's motion could support a finding that such physical delivery occurred, the corrective assignment cannot be given retroactive effect (*see Countrywide Home Loans, Inc. v Gress,* 68 AD3d at 710; *Wells Fargo Bank, N.A. v Marchione,* 69 AD3d 204, 210 [2009]; *LaSalle Bank Natl. Assn. v Ahearn,* 59 AD3d at 912-913). Moreover, both the unrecorded April 11, 2006, assignment and the recorded corrective assignment indicate only that the mortgage was assigned to the plaintiff. Since an assignment of a mortgage without the underlying debt is a nullity (*see Deutsche Bank Natl. Trust Co. v Barnett,* 88 AD3d 636 [2011]; *Bank of N.Y. v Silverberg,* 86 AD3d at 280), the plaintiff has failed to demonstrate that it had standing to commence this action (*see Bank of N.Y. v Silverberg,* 86 AD3d at 280; *US Bank, N.A. v Collymore,* 68 AD3d at 754).

Accordingly, the Supreme Court should have granted Dellarmo's motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against him for lack of standing.

In light of the foregoing, we need not reach Dellarmo's remaining contentions. Skelos, J.P., Hall, Austin and Miller, JJ., concur.