In an action to foreclose a mortgage, the defendant Andrew J. Homar appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Orange County (McGuirk, *681 J.), dated June 30, 2011, which, inter alia, granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against him, and denied that branch of his cross motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him, and (2) from an order of the same court, also dated June 30, 2011, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.
Ordered that the first order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff s motion which was for summary judgment on the complaint insofar as asserted against the defendant Andrew J. Homar, and substituting therefor a provision denying that branch of the plaintiffs motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the second order is affirmed, without costs or disbursements.
In January 2008, the defendants Andrew J. Homar (hereinafter the appellant) and Laura A. Haller defaulted on a note and mortgage they had executed in favor of Ameriquest Mortgage Company (hereinafter AMC). In August 2008, Deutsche Bank National Trust Company, as Trustee, in trust for the registered holders of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2004-R2 (hereinafter the plaintiff), commenced this action to foreclose on the mortgage. In the complaint, the plaintiff alleged that it was the owner of the note and mortgage based on a written assignment. In his answer, the appellant alleged, as an affirmative defense, that the plaintiff lacked standing to commence the action.
After the commencement of the action, the plaintiff and the appellant entered into a forbearance agreement, pursuant to which the appellant acknowledged that he and Haller were in default and agreed to a schedule of payments designed to bring the payments due under the note and mortgage current. The forbearance agreement provided that the terms of the mortgage remained in full force and effect.
In June 2009, the plaintiff moved for summary judgment on the complaint on the ground that the appellant had defaulted on his obligations under the forbearance agreement. The appellant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him on various grounds, including that the plaintiff lacked standing to commence this action. While the motion and cross motion were pending, the appellant also moved for sum *682 mary judgment dismissing the complaint insofar as asserted against him. In an order dated June 30, 2011, the Supreme Court, inter alia, granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against the appellant, and denied that branch of the appellant’s cross motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him (hereinafter the first order). In a separate order, also dated June 30, 2011, the Supreme Court denied the appellant’s motion for summary judgment (hereinafter the second order).
As to the first order, contrary to the Supreme Court’s determination, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law. First, the plaintiff did not submit sufficient evidence to demonstrate that it had standing to commence this action. Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]). In a mortgage foreclosure action, “[a] plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced” (HSBC Bank USA v Hernandez, 92 AD3d 843, 843 [2012]; see U.S. Bank, N.A. v Collymore, 68 AD3d at 753; Countrywide Home Loans, Inc. v Gress, 68 AD3d 709, 709 [2009]). “ ‘Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation’ ” (HSBC Bank USA v Hernandez, 92 AD3d at 844, quoting Collymore, 68 AD3d at 754; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 108 [2011]). Here, the evidence submitted by the plaintiff in support of its motion did not demonstrate that the note was physically delivered to it prior to the commencement of the action. “The affidavit from the plaintiff’s servicing agent did not give any factual details of a physical delivery of the note and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action” (HSBC Bank USA v Hernandez, 92 AD3d at 844).
Moreover, contrary to the plaintiffs contention, it failed to demonstrate that it was the holder of the note and mortgage by virtue of the endorsement of the note or a written assignment. While the copy of the note submitted by the plaintiff in support of its motion included an endorsement to the plaintiff, the endorsement is undated, and it was not included in the copy of the note which was annexed to the plaintiffs complaint. Thus, *683 it is not clear whether the endorsement was effectuated prior to the commencement of this action. The plaintiff also submitted a document in support of its motion purporting to be a written assignment of the note and mortgage to the plaintiff by “Ameriquest Mortgage Company: by CitiResidential Lending Inc. as attorney in fact” (hereinafter Citi). However, the plaintiff failed to produce any evidence of Citi’s authority to assign the note and mortgage on AMC’s behalf (see Bank of N.Y. v Silverberg, 86 AD3d 274, 281-283 [2011]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 109).
In support of its assertion that the appellant defaulted on his obligations under the forbearance agreement, the plaintiff submitted the affidavit of its servicing agent, who asserted that in 2009 the plaintiff advanced more than $20,000 to pay delinquent property taxes on the premises in order to avoid an imminent tax sale. Under the mortgage, the appellant agreed to pay the lender “all amounts necessary to pay for taxes.” While the appellant concedes that he did not pay the taxes or reimburse the plaintiff for the advance, the mortgage provides that the lender was to set up an escrow account for this purpose. There are questions of fact on this record as to whether such an account was ever created. Moreover, the mortgage requires the lender to provide notice of the default which states “the promise or agreement that [the borrower] failed to keep or the default that has occurred” and the action that the borrower must take in order to cure the default. The plaintiff failed to establish that it provided the appellant with a notice informing him that he defaulted by virtue of his failure to pay the taxes on the property or to repay the plaintiff for the advance. The Supreme Court therefore erred in granting that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against the appellant.
However, contrary to the appellant’s contention, the Supreme Court properly denied that branch of his cross motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against him. As discussed above, questions of fact exist as to whether the note was physically delivered to the plaintiff prior to the commencement of the action, when the note was endorsed, and whether Citi had the authority to assign the note and mortgage on behalf of AMC (see Deutsche Bank Natl. Trust Co. v Rivas, 95 AD3d 1061 [2012]; HSBC Bank USA v Hernandez, 92 AD3d at 844).
Finally, as to the second order, the appellant moved for summary judgment dismissing the complaint on the ground, inter alia, that the plaintiff fabricated the documents it submitted to *684 demonstrate that it had standing to commence this action. We agree with the Supreme Court that the appellant failed to establish his prima facie entitlement to judgment as a matter of law. Therefore, the Supreme Court properly denied his motion for summary judgment (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The appellant’s remaining contentions are without merit. Eng, EJ., Skelos, Lott and Cohen, JJ., concur.