In an action to foreclose a mortgage, the defendant Thomas J. Whalen appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated April 16, 2012, as granted those branches of the plaintiffs cross motion which were for summary judgment on the complaint insofar as asserted against him and dismissing his affirmative defenses and counterclaims.
Ordered that the order is affirmed insofar as appealed from, with costs.
In 2005, the defendant Thomas J. Whalen executed a note and mortgage in connection with the refinancing of his home. The original mortgagee transferred the note and mortgage to the plaintiff, and subsequently executed an assignment of those *932 documents to the plaintiff prior to the commencement of this action. Whalen defaulted in 2008, and the plaintiff commenced this action against Whalen and others in 2009. Whalen answered the complaint asserting affirmative defenses and counterclaims alleging, inter alia, that the plaintiff did not have standing to maintain this action and had unclean hands.
Where, as here, standing is put into issue by the defendant, “the plaintiff must prove its standing in order to be entitled to relief” (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]; see Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 242 [2007]). “In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced” (Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013]; U.S. Bank, N.A. v Collymore, 68 AD3d at 753). “Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation” (Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 912 [internal quotation marks and citations omitted]; see HSBC Bank USA v Hernandez, 92 AD3d 843, 844 [2012]; Bank of N.Y. v Silverberg, 86 AD3d at 281; U.S. Bank, N.A. v Collymore, 68 AD3d at 754).
Here, in support of its cross motion for summary judgment on the complaint insofar as asserted against Whalen and dismissing his affirmative defenses and counterclaims, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see GRP Loan, LLC v Taylor, 95 AD3d 1172, 1173 [2012]; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674, 674-675 [2011]). The plaintiff also established its standing as the holder of the note and mortgage by physical delivery prior to commencement of the action with evidence that its custodian received the original note in October 2005 and received the original mortgage in February 2006 and safeguarded those original documents in a secure location (see US Bank N.A. v Cange, 96 AD3d 825, 827 [2012]; cf. HSBC Bank USA v Hernandez, 92 AD3d at 844). Since the plaintiff established its standing by physical delivery, we need not address the validity of the subsequently executed document assigning the mortgage and note (cf. Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 912). The plaintiff also established, prima facie, that it did not have unclean hands with respect to its procurement of the subject note and mortgage. In opposition, Whalen *933 failed to raise a triable issue of fact with respect to the plaintiffs standing or alleged unclean hands in obtaining the note and mortgage.
Accordingly, the Supreme Court properly granted the plaintiffs cross motion for summary judgment on the complaint insofar as asserted against Whalen and dismissing his affirmative defenses and counterclaims. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.