■ HOMECOMINGS FINANCIAL, LLC, Formerly Known as HOMECOMINGS FINANCIAL NETWORK, INC., Respondent, v GEORGE O. GULDI, as Administrator of the Estate of WALTER E. GULDI, Deceased, Appellant, et al., Defendants. [969 NYS2d 470]—

In an action to foreclose a mortgage, the defendant George O. Guldi, as administrator of the estate of Walter E. Guldi, appeals from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 28, 2011, which denied his motion, denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to the plaintiff's motion for summary judgment on the amended complaint, and (2) a judgment of foreclosure and sale of the same court entered June 20, 2012, which, upon an order of the same court dated May 19, 2010, granting the plaintiff's motion for summary judgment on the amended complaint, confirmed a referee's report and directed the sale of the subject property.

Ordered that the appeal from the order dated December 28, 2011, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment on the amended complaint is denied, and, upon searching the record, the defendant George O. Guldi, as administrator of the estate of Walter E. Guldi, is awarded summary judgment dismissing the amended complaint insofar as asserted against him, without prejudice, and the order dated May 19, 2010, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant George O. Guldi, as administrator of the estate of Walter E. Guldi.

In August 2004, Walter E. Guldi executed an adjustable rate note and mortgage in favor of nonparty Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint Mortgage). The mortgage instrument identified Greenpoint Mortgage as the lender, and Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as "nominee" for the lender. In May 2005, MERS, as nominee for Greenpoint Mortgage, commenced this action to foreclose on the mortgage. In an answer, Walter E. Guldi raised the defense of lack of standing.

On February 8, 2006, MERS purportedly assigned the

mortgage instrument to Homecomings Financial Network, Inc. On February 28, 2006, Walter E. Guldi died. In November 2007, Walter's son, the defendant George O. Guldi (hereinafter the appellant), was appointed as the administrator of Walter's estate. In a decision and order dated April 30, 2008, the Supreme Court, inter alia, substituted the appellant for his deceased father, and amended the caption by removing MERS as the plaintiff and substituting therefor the plaintiff Homecomings Financial, LLC, formerly known as Homecomings Financial Network, Inc. (hereinafter the plaintiff).

In May 2008, the plaintiff filed a supplemental summons and amended complaint, among other things, to include additional defendants in the foreclosure action. In an answer to the amended complaint, the appellant raised the defense of lack of standing. Thereafter, the plaintiff moved for summary judgment on the amended complaint. In an order dated May 19, 2010, the Supreme Court granted the plaintiff's motion, concluding, among other things, that the defense of lack of standing constituted a "mere conclusory allegation[ ], expression[ ] of hope or unsubstantiated claim[ ]." In an order dated December 28, 2011, the Supreme Court denied the appellant's motion, which was denominated as one for leave to renew and reargue, but which was, in actuality, one for leave to reargue his opposition to the motion for summary judgment. Thereafter, upon the order dated May 19, 2010, the Supreme Court entered a judgment of foreclosure and sale.

The appeal from the order dated December 28, 2011, must be dismissed, as no appeal lies from an order denying reargument (*see generally Tyson v Tower Ins. Co. of N.Y.*, 68 AD3d 977 [2009]; *JP Morgan Chase Bank, N.A. v Mark Elliot Korn & Assoc., LLC*, 66 AD3d 844 [2009]). However, the appeal from the judgment of foreclosure and sale entered June 20, 2012, brings up for review the order dated May 19, 2010, wherein the Supreme Court granted the plaintiff's motion for summary judgment on the amended complaint (*see* CPLR 5501 [a] [1]; *Brown Bark II, L.P. v Weiss & Mahoney, Inc.*, 90 AD3d 963, 964 [2011]; *Lancer Ins. Co. v Marine Motor Sales, Inc.*, 84 AD3d 1318, 1320 [2011]).

The Supreme Court erred in granting the plaintiff's motion for summary judgment on the amended complaint. "In a mortgage foreclosure action, a plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see US Bank N.A. v Cange*, 96 AD3d 825, 826 [2012];

*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753-754 [2009]; *Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709 [2009]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]). However, "a transfer or assignment of only the mortgage without the debt is a nullity and no interest is acquired by it," since a mortgage is merely security for a debt and cannot exist independently of it (*U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 748 [2012]; *see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636 [2011]). "Where, as here, the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief" (*Bank of N.Y. v Silverberg*, 86 AD3d at 279; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]).

In this case, the plaintiff failed to make a prima facie showing that MERS was a lawful holder of the mortgage and note at the time of the commencement of the action. Although the mortgage instrument identified MERS as the nominee, and purported to grant MERS the authority to foreclose on the subject property, the mere presence of such language in the mortgage instrument itself "cannot overcome the requirement that the foreclosing party be both the holder or assignee of the subject mortgage, and the holder or assignee of the underlying note, at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d at 282-283; *cf. Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]). The adjustable rate note specifically identified Greenpoint Mortgage as the "Lender" and "Note Holder," and the plaintiff failed to submit any evidence demonstrating that the note was physically delivered to MERS prior to the commencement of the action, or that Greenpoint Mortgage assigned the note to MERS prior to the commencement of the action (*see Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909 [2013]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2012]; *U.S. Bank N.A. v Dellarmo*, 94 AD3d 746, 749 [2012]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]). Moreover, although there was evidence that MERS assigned the mortgage instrument to the plaintiff during the course of the action, such an assignment would not render the plaintiff the holder of the note, since MERS could not transfer that which it did not hold (*see* UCC 3-201; *Matter of International Ribbon Mills [Arjan Ribbons]*, 36 NY2d 121, 126 [1975]; *Bank of N.Y. v Silverberg*, 86 AD3d at 282). Furthermore, the affidavit from the plaintiff's servicing agent, which stated that the note was

delivered to the custodian of records for the plaintiff during the course of the action on November 15, 2005, was insufficient to demonstrate that the party commencing the action, i.e., MERS, had standing to do so at the time of the filing of the summons and complaint (*see Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 210 [2009]). In any event, the affidavit did not give factual details as to the physical delivery of the note and, thus, was insufficient to establish that the plaintiff had physical possession of the note at any time (*see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2012]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 109 [2011]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the amended complaint.

Upon our authority to search the record and award summary judgment to the nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]), we award summary judgment to the appellant, dismissing the amended complaint insofar as asserted against him, without prejudice. The evidence submitted by the plaintiff demonstrated that Greenpoint Mortgage was the original holder of the note. There was no evidence to establish that Greenpoint Mortgage assigned, or physically delivered, the note to MERS prior to the commencement of the action, such that there were any triable issues of fact as to whether MERS had standing to foreclose, or as to whether MERS could confer such standing to the plaintiff (*cf. Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680 [2012]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]).

Accordingly, we reverse the judgment, deny the plaintiff's motion for summary judgment on the amended complaint, upon searching the record, award summary judgment to the appellant dismissing the complaint insofar as asserted against him, without prejudice, and modify the order dated May 19, 2010, accordingly. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.