■ AURORA LOAN SERVICES, LLC, Respondent, v MONIQUE TAYLOR et al., Appellants, et al., Defendants. [979 NYS2d 819]—In an action to foreclose a mortgage, the defendants Monique Taylor and Leonard Taylor appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Walker, J.), dated April 13, 2012, which, inter alia, denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against them.

In an action to foreclose a mortgage, the defendants Monique Taylor and Leonard Taylor appeal from a judgment of foreclosure and sale of the Supreme Court, Westchester County (Walker, J.), entered May 14, 2013, which, upon an order of the same court dated April 13, 2012, inter alia, denying their motion for summary judgment dismissing the complaint insofar as asserted against them and granting that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against them, among other things, confirmed a referee's report (Bozeman, Ref.) and directed the sale of the subject property.

Ordered that the judgment is reversed, on the law, without

costs or disbursements, the referee's report is rejected, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

The plaintiff commenced this action to foreclose a mortgage secured by real property owned by the defendants Monique Taylor and Leonard Taylor (hereinafter the appellants), alleging that they defaulted on their loan payments. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the plaintiff lacked standing to commence the action. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants. The Supreme Court denied the appellants' motion, granted the subject branch of the plaintiff's cross motion, and appointed a referee, inter alia, to compute the amount due to the plaintiff on the subject note. Thereafter, the Supreme Court issued a judgment of foreclosure and sale, which, among other things, without a hearing, confirmed the referee's report computing the amount owed to the plaintiff on the note.

The Supreme Court correctly concluded that the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting sufficient evidence to demonstrate that it had standing to commence the subject action. Where, as here, standing is put into issue by a defendant, "the plaintiff must prove its standing in order to be entitled to relief" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). "[A] plaintiff has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced" (*Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d 931, 932 [2013]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932; *Deutsche Bank Natl. Trust Co. v Spanos*, 102 AD3d 909, 912 [2013]; *Bank of N.Y. v Silverberg*, 86 AD3d at 281).

Here, the plaintiff established, through admissible evidence (*see Montefiore Med. Ctr. v Liberty Mut. Ins. Co.*, 31 AD3d 724, 725 [2006]), its standing as the holder of the note and mortgage by demonstrating that the note was physically delivered to it prior to the commencement of this action. Specifically, an affida-

vit submitted by the plaintiff established that it obtained physical possession of the original note, previously held by Deutsche Bank Trust Company Americas (to which the note had been endorsed as trustee), on May 20, 2010, four days before the action was commenced (*see Deutsche Bank Natl. Trust Co. v Whalen*, 107 AD3d at 932). It can reasonably be inferred from these averments that physical delivery of the note was made to the plaintiff by Deutsche Bank Trust Company Americas, and since the exact delivery date was provided, there is no further detail necessary for the plaintiff to establish standing. The appellants offered no evidence to contradict those factual averments and, therefore, failed to raise a triable issue of fact with respect to the plaintiff's standing or demonstrate, prima facie, their own entitlement to judgment as a matter of law. Accordingly, contrary to the appellants' contention, the Supreme Court did not err in granting that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against them and in denying their motion for summary judgment dismissing the complaint insofar as asserted against them based on the plaintiff's lack of standing.

The Supreme Court erred, however, in confirming the referee's report. The referee erred in computing the amount due to the plaintiff without holding a hearing on notice to the appellants (*see* CPLR 4313; *243 W. 98th Condominium v Shapiro*, 12 AD3d 591, 592 [2004]; *Adelman v Fremd*, 234 AD2d 488, 489 [1996]; *Stein v American Mtge. Banking*, 216 AD2d 458 [1995]; *Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d 677 [1993]). The plaintiff's contention, in effect, that the appellants waived their right to a hearing is unavailing. The plaintiff served notice, by regular mail, on December 31, 2012, of a hearing to be held on January 9, 2013, before the referee. The notice advised that any objections to the plaintiff's "affidavit of amount due" had to be communicated to the plaintiff or the referee by January 2, 2013. Since January 1, 2013, was a holiday, that notice could not have been received by the appellants or their counsel prior to January 2, 2013, the date on which their objections were due. On January 2, 2013, having received no objections, the referee issued his report, without a hearing, adopting the computation in the plaintiff's "affidavit of amount due." Under these circumstances, the appellants did not intentionally relinquish a known right so as to constitute a waiver (*see generally Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]).

Additionally, it cannot be said that the appellants were not prejudiced by the error. Although the appellants timely opposed

the plaintiff's motion to confirm the referee's report, the Supreme Court inexplicably indicated in the judgment that the plaintiff's motion was unopposed. Accordingly, this is not a case in which the Supreme Court, as the ultimate arbiter of the dispute with the power to reject the referee's report and make new findings (*see* CPLR 4403), considered the appellants' evidence and arguments so that it could be said that there was no prejudice to them (*cf. Adelman v Fremd*, 234 AD2d at 489; *Stein v American Mtge. Banking*, 216 AD2d 458 [1995]; *Shultis v Woodstock Land Dev. Assoc.*, 195 AD2d at 678-679).

Accordingly, we remit the matter to the Supreme Court, Westchester County, for a hearing and a new report computing the amount due to the plaintiff, followed by further proceedings in accordance with CPLR 4403 and the entry of an appropriate amended judgment thereafter. Skelos, J.P., Lott and Cohen, JJ., concur.

Hinds-Radix, J., concurs in part and dissents in part, and votes to reverse the judgment, on the law, deny that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendants Monique Taylor and Leonard Taylor, vacate the referee's report, and modify the order accordingly, with the following memorandum: In my view, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law because it did not submit sufficient evidence to demonstrate that it had standing to commence the instant action.

In a mortgage foreclosure action, "[a] plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced" (*HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]; *see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). "An assignment of a mortgage without assignment of the underlying note or bond is a nullity, and no interest is acquired by it" (*HSBC Bank USA v Hernandez*, 92 AD3d at 843; *see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682; *Bank of N.Y. v Silverberg*, 86 AD3d at 280). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation' " (*HSBC Bank USA v Hernandez*, 92 AD3d at 844, quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682; *Bank of N.Y. v Silverberg*, 86 AD3d at 281). A bare statement from the plaintiff's servicing agent that the original note

was in the possession of the plaintiff as of commencement of the action is not sufficient to establish standing as a matter of law, if no "factual details" are given with respect to the physical delivery of the note (*HSBC Bank USA v Hernandez*, 92 AD3d at 844; *see Homecomings Fin., LLC v Guldi*, 108 AD3d 506, 509 [2013]; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682).

Here, the evidence submitted by the plaintiff in support of its cross motion contained an affidavit from the "legal liaison" of the plaintiff's subservicer, stating "[t]hat the original Note has been in the custody of the Plaintiff . . . and in its present condition since May 20, 2010," four days prior to the commencement of the action on May 24, 2010. "The affidavit from the plaintiff's [sub-]servicing agent did not give any factual details of a physical delivery of the note and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action" (*HSBC Bank USA v Hernandez*, 92 AD3d at 844; *see Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682). Since the plaintiff failed to establish, prima facie, that the note was physically delivered to it prior to the commencement of the action, that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendants Monique Taylor and Leonard Taylor should have been denied.