Hinds-Radix, J.,
concurs in part and dissents in part, and votes to reverse the judgment, on the law, deny that branch of the plaintiffs cross motion which was for summary judgment on the complaint insofar as asserted against the defendants Monique Taylor and Leonard Taylor, vacate the referee’s report, and modify the order accordingly, with the following memorandum: In my view, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law because it did not submit sufficient evidence to demonstrate that it had standing to commence the instant action.
In a mortgage foreclosure action, “[a] plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced” (HSBC Bank USA v Hernandez, 92 AD3d 843, 843 [2012]; see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d 680, 682 [2012]; Bank of N.Y. v Silverberg, 86 AD3d 274, 279 [2011]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753 [2009]). “An assignment of a mortgage without assignment of the underlying note or bond is a nullity, and no interest is acquired by it” (HSBC Bank USA v Hernandez, 92 AD3d at 843; see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682; Bank of N.Y. v Silverberg, 86 AD3d at 280). “ ‘Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation’ ” (HSBC Bank USA v Hernandez, 92 AD3d at 844, quoting U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682; Bank of N.Y. v Silverberg, 86 AD3d at 281). A bare statement from the plaintiffs servicing agent that the original note *631 was in the possession of the plaintiff as of commencement of the action is not sufficient to establish standing as a matter of law, if no “factual details” are given with respect to the physical delivery of the note (HSBC Bank USA v Hernandez, 92 AD3d at 844; see Homecomings Fin., LLC v Guldi, 108 AD3d 506, 509 [2013]; Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682).
Here, the evidence submitted by the plaintiff in support of its cross motion contained an affidavit from the “legal liaison” of the plaintiffs subservicer, stating “[t]hat the original Note has been in the custody of the Plaintiff. . . and in its present condition since May 20, 2010,” four days prior to the commencement of the action on May 24, 2010. “The affidavit from the plaintiffs [sub-] servicing agent did not give any factual details of a physical delivery of the note and, thus, failed to establish that the plaintiff had physical possession of the note prior to commencing this action” (HSBC Bank USA v Hernandez, 92 AD3d at 844; see Deutsche Bank Natl. Trust Co. v Haller, 100 AD3d at 682). Since the plaintiff failed to establish, prima facie, that the note was physically delivered to it prior to the commencement of the action, that branch of the plaintiffs cross motion which was for summary judgment on the complaint insofar as asserted against the defendants Monique Taylor and Leonard Taylor should have been denied.