■ BANK OF NEW YORK MELLON, Successor in Interest to JPMORGAN CHASE BANK, N.A., as Trustee for the Registered

Holder of FIRST FRANKLIN MORTGAGE LOAN TRUST 2005-FF1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF1, Respondent, v TRACI GALES et al., Appellants, et al, Defendants.
[982 NYS2d 911]—

In an action to foreclose a mortgage, the defendants Traci Gales and Germaine Gales appeal from an order of the Supreme Court, Rockland County (Kelly, J.), entered May 4, 2012, which granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them and denied their cross motion to dismiss the complaint for failure to state a cause of action and lack of standing.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Traci Gales and Germaine Gales, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the Supreme Court's determination, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as it did not submit sufficient evidence to demonstrate that it had standing to commence this action. Where, as here, standing is put into issue by the defendant, the plaintiff must prove its standing in order to be entitled to relief (*see U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). In a mortgage foreclosure action, "[a] plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced" (*HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]; *see U.S. Bank, N.A. v Collymore*, 68 AD3d at 753; *Countrywide Home Loans, Inc. v Gress*, 68 AD3d 709, 709 [2009]). " 'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation' " (*HSBC Bank USA v Hernandez*, 92 AD3d at 844, quoting *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]). "Where a mortgage is represented by a bond or other instrument, an assignment of the mortgage without assignment of the underlying note or bond is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Merritt v Bartholick*, 36 NY 44, 45 [1867]; *Kluge v Fugazy*, 145 AD2d 537, 538 [1988]).

Here, the evidence submitted by the plaintiff in support of its

motion did not demonstrate that the note was physically delivered to it prior to the commencement of the action, and the plaintiff similarly failed to submit a written assignment of the note. Accordingly, the plaintiff failed to establish its entitlement to judgment as a matter of law, and the Supreme Court should have denied its motion for summary judgment.

Contrary to the appellants' contentions, the Supreme Court properly denied their cross motion to dismiss the complaint, as they did not have standing to assert noncompliance with the subject lender's pooling service agreement (*see Rajamin v Deutsche Bank Natl. Trust Co.*, — F Supp 2d —, 2013 WL 1285160, 2013 US Dist LEXIS 45031 [SD NY 2013]).

The appellants' remaining contention is without merit. Dillon, J.P., Chambers, Austin and Duffy, JJ., concur.