■ FEDERAL NATIONAL MORTGAGE ASSOCIATION, Respondent, v GIOVANNI CAPPELLI et al., Defendants, and NIVES CAPPELLI, Appellant. [990 NYS2d 856]—

In an action to foreclose a mortgage, the defendant Nives Cappelli appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated August 3, 2012, which denied her motion to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (3) for lack of standing, for the

plaintiff's failure to comply with the requirements of RPAPL 1304, and for the plaintiff's failure to make a good-faith attempt at settlement pursuant to CPLR 3408 (f).

Ordered that the order is affirmed, with costs.

In this action to foreclose a mortgage, the defendant Nives Cappelli (hereinafter the defendant) moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (3) for lack of standing, for the plaintiff's failure to comply with the requirements of RPAPL 1304, and for the plaintiff's failure to make a good-faith attempt at settlement pursuant to CPLR 3408 (f).

The Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (3) for lack of standing. Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 723 [2014]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of both the subject mortgage and of the underlying note at the time the action is commenced (see *Bank of N.Y. Mellon v Gales*, 116 AD3d at 723; *HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 753). Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (see *HSBC Bank USA v Hernandez*, 92 AD3d at 844; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). Here, the issue of standing cannot be determined as a matter of law on this record, because there is a question of fact as to whether the plaintiff was the lawful holder of the note when it commenced the action (see *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 683 [2012]; *Deutsche Bank Natl. Trust Co. v Rivas*, 95 AD3d 1061, 1062 [2012]; *HSBC Bank USA v Hernandez*, 92 AD3d at 844).

Contrary to the defendant's contention, the plaintiff complied with the requirements of RPAPL 1304 (cf. *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 103). Moreover, the defendant's argument that the plaintiff failed to provide proof of service of a default notice is improperly raised for the first time on appeal (cf. *Pritchard v Curtis*, 101 AD3d 1502, 1504-1505 [2012]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her on the ground that the plaintiff

failed to comply with RPAPL 1304. The Supreme Court also properly denied that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against her for the plaintiff's failure to make a "good-faith" attempt at settlement (*see* CPLR 3408 [f]). The record before us is inadequate to determine whether, under the totality of the circumstances, the plaintiff's "conduct did not constitute a meaningful effort at reaching a resolution" (*US Bank N.A. v Sarmiento*, 121 AD3d 187 [2d Dept 2014]). Since such a factual determination cannot be made, the plaintiff's alleged bad faith does not provide a basis for dismissal of the action.

Based on the foregoing, the parties' remaining contentions need not be reached. Dillon, J.P., Hall, Miller and Hinds-Radix, JJ., concur.