■ WELLS FARGO BANK, N.A., as Trustee for OPTION ONE MORTGAGE LOAN TRUST 2001-D, ASSET-BACKED CERTIFICATES, SERIES 2001-D, Respondent, v JOHN MAYER, Appellant, et al., Defendants. [42 NYS3d 277]—

In an action to foreclose a mortgage, the defendant John Mayer appeals from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), entered June 20, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, for an order of reference, and to strike his answer.

Ordered that on the Court's own motion, the notice of appeal from a decision of the same court dated February 11, 2014, is deemed a notice of appeal from the order entered June 20, 2014 (*see* CPLR 5512 [a]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, for

an order of reference, and to strike the answer of the defendant John Mayer are denied.

In September 2001, the defendant John Mayer executed a note, pursuant to which he promised to repay the principal sum of $157,250 that he borrowed from Option One Mortgage Corporation (hereinafter Option One). The note was secured by a mortgage on certain real property which Mayer owned as an investment. On May 31, 2006, Option One assigned the mortgage to the plaintiff, Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-D Asset-Backed Certificates, Series 2001-D (hereinafter Wells Fargo). Subsequently, Wells Fargo commenced an action to foreclose on the mortgage. However, that action was subsequently dismissed by the Supreme Court due to the fact that Wells Fargo had not properly served Mayer with process.

In February 2008, Wells Fargo commenced this action to foreclose on the mortgage. In his answer, Mayer asserted as an affirmative defense that Wells Fargo lacked standing to bring the action. Wells Fargo moved, inter alia, for summary judgment on the complaint, for an order of reference, and to strike Mayer's answer. After a decision dated February 11, 2014, the Supreme Court, in an order entered June 20, 2014, among other things, granted Wells Fargo's motion summary judgment on the complaint, struck Mayer's answer, and appointed a referee to compute the amount due under the note and mortgage.

"In order to commence a foreclosure action, a plaintiff must have a legal or equitable interest in the mortgage" (*US Bank N.A. v Faruque*, 120 AD3d 575, 576 [2014]; *see HSBC Bank USA v Hernandez*, 92 AD3d 843, 843 [2012]). "Where standing is raised as a defense by the defendant, the plaintiff is required to prove its standing before it may be determined whether the plaintiff is entitled to relief" (*U.S. Bank, N.A. v Sharif*, 89 AD3d 723, 724 [2011]; *see Wells Fargo Bank, N.A. v Rooney*, 132 AD3d 980, 981 [2015]; *Loancare v Firshing*, 130 AD3d 787, 789 [2015]).

A plaintiff in an action to foreclose a mortgage has standing if it is the holder or assignee of the underlying note when the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d

752, 754 [2009]; *see Deutsche Bank Natl. Trust Co. v Weiss*, 133 AD3d 704, 705 [2015]; *Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]).

Here, Wells Fargo failed to demonstrate its prima facie entitlement to judgment as a matter of law on the complaint, because it did not eliminate triable issues of fact regarding whether it had standing as the lawful holder or assignee of the subject note on the date it commenced this action (*see HSBC Bank USA, N.A. v Gilbert*, 120 AD3d 756, 757 [2014]; *US Bank N.A. v Faruque*, 120 AD3d at 577; *Bank of N.Y. Mellon v Gales*, 116 AD3d 723, 724-725 [2014]; *HSBC Bank USA v Hernandez*, 92 AD3d at 844; *Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d 636, 638 [2011]). The evidence it submitted did not demonstrate that the note was physically delivered to it prior to the commencement of the action or that there was a written assignment of the note. For the same reason, the Supreme Court erred in granting that branch of Wells Fargo's motion which was to strike Mayer's answer, which included the affirmative defense of lack of standing (*see Deutsche Bank Natl. Trust Co. v Barnett*, 88 AD3d at 638; *cf. Deutsche Bank Natl. Trust Co. v Naughton*, 137 AD3d 1199, 1200 [2016]).

Accordingly, the Supreme Court improperly granted those branches of Wells Fargo's motion which were for summary judgment on the complaint, for an order of reference, and to strike Mayer's answer.

The defendant's remaining contention is improperly raised for the first time on appeal and, thus, not properly before this Court. Eng, P.J., Austin, Roman and Cohen, JJ., concur.